

0 Item(s) in Basket    Home    Online Services    About us    Contact us

# Civil Court Online System - Docket Information

BACK TO SEARCH RESULTS    ALL PARTIES    START A NEW SEARCH

**DARCY, PAUL vs MASTEC INC**

* Click on BOOK/PAGE of a particular docket to see the image if it is available *

**Case Number (LOCAL):** 2014-9959-CA-01  **Dockets Retrieved:** 6  **Filing Date:** 04/15/2014
**Case Number (STATE):** 13-2014-CA-009959-0000-01  **Judicial Section:** 15

| Date | Book/Page | Docket Entry | Comments |
|---|---|---|---|
| 05/08/2014 | | MOTION FOR EXTENSION OF TIME | |
| 04/30/2014 | | SERVICE RETURNED | BADGE # 142 P 04/18/2014 DN01 |
| 04/16/2014 | | EFILE NUMBER | : 12544631 |
| 04/15/2014 | | COMPLAINT | |
| 04/15/2014 | | CIVIL COVER | |
| 04/15/2014 | | DEMAND FOR JURY TRIAL | |

BACK TO SEARCH RESULTS    ALL PARTIES    START A NEW SEARCH

Civil Search Home | Civil Court Information | Email | Login
Home | Privacy Statement | Disclaimer | Contact Us | About Us
2008 Clerk of the Court. All Rights reserved.



S0142977

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

PAUL DARCY,

    Plaintiffs,

vs.                                Case No. 14-009959 CA 01

MASTEC, INC.,
a Florida Profit Corporation,

    Defendant.

_____/

## SUMMONS IN A CIVIL CASE

TO: MASTEC, INC. through its Registered Agent:

        CORPORATION SERVICE COMPANY
        1201 HAYS STREET
        TALLAHASSEE, FL 32301-2525

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

        JASON S. REMER, ESQ.
        REMER & GEORGES-PIERRE, PLLC.
        44 WEST FLAGLER STREET
        SUITE 2200
        MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

HARVEY RUVIN, CLERK

CLERK                                DATE APR 1 7 2014

SHARON MOORE

(BY) DEPUTY CLERK

Rcvd 4/18/14 at 10:55 A.m. &
Srvd 4/18/14 at 4:20 P.m. by
                Chris J. Colson #142
Certified Process Server, 2nd Judicial Cret, FL

| ☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | | |
|---|---|---|---|
| ☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | | |
| **DIVISION** <br> ☒ CIVIL <br> ☐ DISTRICTS <br> ☐ FAMILY <br> ☐ OTHER | | **CIVIL COVER SHEET** | **CASE NUMBER** |
| **PLAINTIFF** <br> PAUL DARCY | | **VS. DEFENDANT** <br> MASTEC, INC., <br> a Florida Profit Corporation, | **CLOCK IN** |

The civil cover sheet and the information contained here does not replace the filing and service of pleadings or other papers as required by law. This form is required by the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075. See instructions and definitions on reverse of this form.

**TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x in both the main category and subcategory boxes.

☐ 001 - Eminent Domain
☒ 003 - Contracts and Indebtedness
☐ 010 - Auto Negligence
☐ 022 - Products Liability
☐ 023 - Condominium
☐ Negligence - Other
  ☐ 097 - Business Governance
  ☐ 098 - Business Torts
  ☐ 099 - Environmental/Toxin Tort
  ☐ 100 - Third Party Indemnification
  ☐ 101 - Construction Defect
  ☐ 102 - Mass Tort
  ☐ 103 - Negligent Security
  ☐ 104 - Nursing Home Negligence
  ☐ 105 - Premises Liability - Commercial
  ☐ 106 - Premises Liability - Residential
  ☐ 107 - Negligence - Other
☐ Real Property/Mortgage Foreclosure
  ☐ 108 - Commercial Foreclosure $0 - $50,000
  ☐ 109 - Commercial Foreclosure $50,001 - $249,999
  ☐ 110 - Commercial Foreclosure $250,000 - or more
  ☐ 111 - Homestead Residential Foreclosure $0 - $50,000
  ☐ 112 - Homestead Residential Foreclosure $50,001 - $249,999
  ☐ 113 - Homestead Residential Foreclosure $250,000 or more
  ☐ 114 - Non-Homestead Residential Foreclosure $0 - $50,000
  ☐ 115 - Non-Homestead Residential Foreclosure $50,001 - $249,999
  ☐ 116 - Non-Homestead Residential Foreclosure $250,000 or more
  ☐ 117 - Other Real Property Actions $0 - $50,000
  ☐ 118 - Other Real Property Actions $50,001 - $249,999

☐ 119 - Other Real Property Actions $250,000 or more
☐ Professional Malpractice
  ☐ 094 - Malpractice - Business
  ☐ 095 - Malpractice - Medical
  ☐ 096 - Malpractice - Other professional
☐ Other
  ☐ 120 - Antitrust/Trade Regulation
  ☐ 121 - Business Transactions
  ☐ 122 - Constitutional Challenge - Statute or Ordinance
  ☐ 123 - Constitutional Challenge - Proposed amendment
  ☐ 124 - Corporate Trust
  ☐ 125 - Discrimination - Employment or Other
  ☐ 126 - Insurance Claims
  ☐ 127 - Intellectual Property
  ☐ 128 - Libel/Slander
  ☐ 129 - Shareholder Derivative Action
  ☐ 130 - Securities Litigation
  ☐ 131 - Trade Secrets
  ☐ 132 - Trust Litigation
  ☐ 133 - Other Civil Complaint
  ☐ 009 - Bond Estreature
  ☐ 014 - Replevin
  ☐ 024 - Witness Protection
  ☐ 080 - Declaratory Judgment
  ☐ 081 - Injunctive Relief
  ☐ 082 - Equitable Relief
  ☐ 083 - Construction Lien
  ☐ 084 - Petition for Adversary Preliminary Hearing
  ☐ 085 - Civil Forfeiture
  ☐ 086 - Voluntary Binding Arbitration
  ☐ 087 - Personal Injury Protection (PIP)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**REMEDIES SOUGHT** (check all that apply):
- ☒ monetary;
- ☒ non-monetary declaratory or injunctive relief;
- ☐ punitive

**NUMBER OF CAUSES OF ACTION:** [ 5 ]
(specify) breach of agreement, quantum meruit, unjust enrichment, wage and hour violations, retaliation

**IS THIS CASE A CLASS ACTION LAWSUIT?**
- ☐ Yes
- ☒ No

**HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
- ☒ No
- ☐ Yes  If "Yes", list all related cases by name, case number, and court.

**IS JURY TRIAL DEMANDED IN COMPLAINT?**
- ☒ Yes
- ☐ No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature _____   Florida Bar # 165580
            Attorney of party                        (Bar # if attorney)

Jason S. Remer, Esq.                      Date 4-15-14
(type or print name)

CLK/CT 96 Rev. 12/09                     Clerk's web address: www.miami-dadeclerk.com

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

PAUL DARCY,

    Plaintiffs,

vs.

Case No. 14-009959 CA 01

MASTEC, INC.,
a Florida Profit Corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiff, PAUL DARCY ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, MASTEC, INC. ("Defendant"), and in support avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees or costs for breach of agreement, and unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident Miami Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, MASTEC, INC., is a Florida Profit Corporation authorized to conduct business in Miami Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

5. Venue is proper in Miami Dade County because all of the actions that form the basis of this Complaint occurred within Miami Dade County and payment was due in Miami Dade County.

6. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

7. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. Plaintiff performed work for Defendant as a non-exempt employee from on or about April 7, 2012 to on or about October 5, 2012.

9. At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement whereby Plaintiff would be employed by Defendants and that Plaintiff would be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

10. Throughout Plaintiff's employment, Plaintiff regularly worked in excess of forty (40) hours per week.

11. Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) per week, as proscribed by the laws of the United States and the State of Florida.

12. Additionally, throughout Plaintiff's employment, he worked numerous hours for which he received no compensation whatsoever, in violation of the laws of the United States and the State of Florida.

13. During Plaintiff's employment, he complained to his superiors regarding Defendant's improper payment of wages.

14. Thereafter, on or about October 5, 2012, in retaliation for engaging in the protected activity described above, Defendant unlawfully terminated Plaintiff's employment.

## COUNT I
### Breach of Agreement Against MASTEC, INC.

15. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 14 of this complaint as if set out in full herein.

16. Defendant breached its agreement with Plaintiff by failing to pay the amount due to Plaintiff for services provided and performed under their agreement, and by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

17. Plaintiff suffered damages as a result of Defendants' breach of said agreement.

WHEREFORE, Plaintiff seeks damages from Defendants for breach of agreement, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

## COUNT II
### Quantum Meruit Against MASTEC, INC.

18. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 14 of this complaint as if set out in full herein.

19. Plaintiff has conferred a benefit onto Defendants by performing and providing services for Defendant.

20. Defendants have knowledge of the services performed and provided and the benefit provided by Plaintiff.

21. Defendants accepted Plaintiff's services to Defendants.

22. Defendants retain an inequitable benefit from Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

23. Plaintiff seeks damages under *quantum meruit* that are the reasonable value of the services rendered to, provided to, and performed for Defendants.

WHEREFORE, Plaintiff seeks a judgment under *quantum meruit* for damages for the reasonable value of the services performed and provided for Defendants, interest and costs, and other damages deemed just by this Honorable Court.

## COUNT III
### Unjust Enrichment Against MASTEC, INC.

24. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 14 of this complaint as if set out in full herein.

25. Plaintiff has conferred a benefit upon Defendants for services performed and provided to Defendants.

26. Defendants have knowledge of the services performed and provided by Plaintiff.

27. Defendants voluntarily accepted the services performed and provided by Plaintiff.

28. Defendants unjustly benefit from the services performed and provided by Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

29. Plaintiff seeks damages for the value of the work performed to Defendants.

WHEREFORE, Plaintiff seeks a judgment for unjust enrichment against Defendants, interest and costs, and other damages deemed just by this Honorable Court.

## COUNT IV
### Wage & Hour Federal Statutory Violation Against MASTEC, INC.

30. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 14 of this complaint as if set out in full herein.

31. This action is brought by Plaintiff to recover from Defendants unpaid minimum wage and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

32. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

33. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

34. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

35. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for

commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

36. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

37. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

38. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

39. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages and overtime compensation for hours worked in excess of forty (40) weekly,

with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
### *FLSA Retaliation Violation Against MASTEC, INC.*

40. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 14 of this complaint as if set out in full herein.

41. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

42. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

43. The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaint regarding not being properly paid for all hours worked.

44. The Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C. Enter judgment against the Defendant for all front wages until Plaintiffs become 65 years of age; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated 4-15-14

Respectfully submitted,

Jason S. Remer, Esq.
Florida Bar No.: 165580
jremer@rgpattorneys.com
**Brody M. Shulman, Esq.**
Florida Bar No.: 92044
bshulman@rgpattorneys.com

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

# RETURN OF SERVICE

**State of FLORIDA**  **County of DADE**  **Circuit Court**

Case Number: 14-009959 CA 01

Plaintiff:
**PAUL DARCY**

vs.

Defendant:
**MASTEC, INC., A FLORIDA PROFIT CORPORATION**

For: Jason S. Remer, Esq.
REMER & GEORGES-PIERRE, PLLC



Received by OJF Services, Inc. on the 18th day of April, 2014 at 10:55 a.m. to be served on **MASTEC, INC., C/O CORPORATION SERVICE COMPANY, REGISTERED AGENT, 1201 HAYS STREET, TALLAHASSEE, FL 32301.** I, Chris J. Colson, do hereby affirm that on the 18th day of April, 2014 at 4:20 p.m., executed service by delivering a copy of the **SUMMONS IN A CIVIL CASE AND COMPLAINT** in accordance with the statutes in the manner marked below:

Corporate Service: By serving Nathan Huth as Customer Service Specialist of the within-named agency.

I CERTIFY THAT I AM OVER THE AGE OF 18 AND HAVE NO INTEREST IN THE ABOVE ACTION. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE"

Chris J. Colson
Process Server #142
Appointed in accordance with State Statutes

**OJF SERVICES, INC.**
**13727 S.W. 152ND STREET, P.M.B. 354**
**Miami, FL 33177**
**(786) 293-5750**
Our Job Number: 2014005014

|  | IN THE CIRCUIT COURT OF THE |
|---|---|
|  | 11TH JUDICIAL CIRCUIT IN AND FOR |
|  | MIAMI-DADE COUNTY, FLORIDA |

CASE NO. 14-009959-CA-01

PAUL DARCY,

    Plaintiff,

vs.

MASTEC, INC.,

    Defendant.

_____/

## DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME TO ANSWER, PLEAD, OR RESPOND TO PLAINTIFF'S COMPLAINT

Defendant, MasTec, Inc. ("Defendant"), moves the Court for an extension of fourteen days within which to file its response to Plaintiff's Complaint, and states as follows:

1.    Defendant is due to serve its answer, response, or other pleading to Plaintiff's Complaint on May 8, 2014.

2.    Defendant recently retained undersigned counsel to represent its interests in this matter.

3.    Due to the press of other business, including out-of-state business travel, additional time is needed to prepare an appropriate response to the Complaint.

4.    As a result, Defendant respectfully requests through May 22, 2014, to file its response to Plaintiff's Complaint.

5.    This Motion is not made to unduly delay these proceedings and it is in the interest of justice to grant the enlargement requested herein.

1

6. Prior to filing this Motion, Defendant's counsel contacted Plaintiff's counsel to discuss the relief requested herein. Plaintiff did not respond with his position by the time this motion was filed.

WHEREFORE, based on the foregoing, Defendant respectfully moves the Court for an Order extending the time in which Defendant must serve its answer, response, or other pleading to Plaintiff's Complaint up and through May 22, 2014.

DATED this 8th day of May, 2014.

Respectfully submitted,

LITTLER MENDELSON, P.C.
Wells Fargo Center
333 SE 2nd Ave., Suite 2700
Miami, Florida 33131
Tel: (305) 400-7500
Fax: (305) 603-2552

By: /s/ *Jessica T. Travers*
Jessica T. Travers
Florida Bar No. 18129
Primary E-mail: *jtravers@littler.com*
Secondary E-mail: *mvelis@littler.com*

Counsel for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was provided via E-mail and U.S. Mail, on this 8th day of May, 2014, to:

Jason Remer
Remer & Georges-Pierre, PLLC,
44 W. Flagler Street, Suite 2200
Miami, FL 33131
E-mail: jremer@rgpattorneys.com

                                            /s/ *Jessica T. Travers*
                                                     Jessica T. Travers

Firmwide:126894060.1 046446.1185